**Mary Catherine KRITIL, Plaintiff,**

v.

**PORT EAST TRANSFER, INC. and Edwin F. Hale, Individually, Defendants.**

**Civ. No. JFM–86–2164.**

United States District Court, D. Maryland.

Dec. 31, 1986.

Ralph Rothwell, Jr. and Jack I. Hyatt, Baltimore, Md., for plaintiff.

Paul Sandler, Freishtat & Sandler, and Warren Davidson, Littler, Mendelson, Fastiff & Tichy, Baltimore, Md., for defendants.

MEMORANDUM

MOTZ, District Judge.

Plaintiff alleges that she was the victim of unwelcome sexual advances by defendant Edwin Hale in the course of her employment with Port East Transfer, Inc. Hale is the president and primary stockholder of Port East. In this action plaintiff asserts claims under Title VII for sexual harassment and sexual discrimination against Hale and Port East. She also asserts pendent state claims for assault and intentional infliction of emotional distress against both defendants and for wrongful discharge against Port East. Plaintiff has prayed a jury trial as to her state claims. There is no diversity of citizenship between the parties.

Hale has moved to dismiss the Title VII claims against him on the ground that he was not named in the charges which plaintiff filed with the EEOC. The motion is granted.

■ There is a conflict among the authorities as to whether or not a defendant in a court suit alleging Title VII violations must have been named in the EEOC charge. The Fourth Circuit has provided

no definitive guidance on the point. This Court has previously ruled that where joinder of a new defendant not named in the EEOC charge is necessary to preserve a plaintiff's Title VII remedies, the joinder will be allowed but that where joinder of the new party is not necessary to preserve the plaintiff's Title VII rights, joinder will not be allowed. *See Borowski v. Vitro Corp.*, 634 F.Supp. 252 (D.Md.1986). The rationale for this ruling is that Title VII's paramount remedial purpose should not be frustrated by a technical error in the naming of the respondent in the EEOC charge but that, at the same time, Title VII's subsidiary purposes of encouraging conciliation of discrimination claims and providing an expeditious remedy should not be frustrated by permitting the plaintiff to laden a law suit with unnecessary defendants not named in the EEOC charge.

■ Port East has moved to dismiss the state law claim for wrongful discharge on the ground that Section 16 of Article 49B of the Maryland Code does not create a private right of action. The Court will not reach that question. Instead, it will *sua sponte* dismiss all of the pendent state law claims as not being properly before it. This dismissal may be required as to Hale since no federal claims remain pending against him. *Cf. Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). In any event, both as to those claims and the claims against Port East, this Court will exercise the discretion which it possesses to decline to retain jurisdiction. *See generally United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Sexual discrimination and harassment are inexcusable.

However, in deterring and remedying such misconduct (as distinct from race discrimination), history confers upon the federal government no special role.[1] The federal interest is limited under the Title VII mechanism to providing a prompt and expeditious administrative remedy for acts of sex discrimination. While the administrative determination is subject to judicial review by a federal court, Title VII confers upon a plaintiff no right to a jury trial. *See Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979); 42 U.S.C. sections 2000e–5(g). There is no reason to believe that Congress, through the combination of the limited remedy provided by Title VII and the doctrine of pendent jurisdiction, intended that federal courts be required, or even that they be authorized, to try in their entirety all cases involving employment discrimination. Federal courts are, within the Constitutional scheme, courts of limited jurisdiction. State courts are at least as competent to decide claims alleging sex discrimination, particularly of the kind alleged here. Indeed, the close questions of state law involving fundamental issues of state public policy which are often presented in such cases are most appropriately resolved in a state forum. This is especially so where, as in the present case, state law issues and remedies predominate the litigation.

Furthermore, clear federal interests are compromised by tolerating the practice of permitting plaintiffs to assert a *pro forma* Title VII claim in order to bring in federal court claims over which the court would otherwise lack jurisdiction. In the very cases in which such claims are asserted, what was intended by Congress to be expeditious is made prolix.[2] Moreover, federal

1. As a matter of judicial administration, most race discrimination cases are also different from other types of discrimination cases in that a plaintiff in a race discrimination case usually has a cause of action not only under Title VII but also under 42 U.S.C. section 1981, which confers a right to a jury trial. This Court need not reach the question of whether it would exercise its pendent jurisdiction in a race discrimination case over state law claims related to a Title VII claim where the plaintiff—because

none of his identifiable contract rights have been violated—does not have a claim under Section 1981. *See Patterson v. McLean Credit Union*, 805 F.2d 1143 (4th Cir.1986).

2. Of course, if in a given case the pendent state claims asserted by a plaintiff do not substantially broaden the issues beyond those posed by the Title VII claim itself and if the plaintiff does not pray a jury trial, a court might determine that

courts have limited resources. To the extent that they must spend substantial time in trying what are essentially state law cases, they are prevented from deciding on an expeditious basis other cases in which genuine federal claims and legitimate federal questions are presented.[3] In the ill-conceived or unconsidered expansion of power lies its dilution.

A separate order is being entered herewith dismissing all of plaintiff's claims except her Title VII claims against Port East.

---

the case is one in which it is appropriate to exercise pendent jurisdiction.

**3.** This action has been pending for several months and the Court has examined the question of whether, because of that fact, dismissal of the state law claims would be unfair to the plaintiff. No such unfairness exists. Plaintiff's assault claims, which are governed by a one-year statute of limitations, *see Md.Code Ann., Courts and Judicial Proceedings Art.,* section 5-105, are probably barred. However, that is due not to the fact that this action has been pending but to plaintiff's original choice of an inappro-

priate forum. She alleges that the alleged assaults occurred in July and August, 1985. This suit was not filed until July, 1986 and defendants (by stipulation of the parties) did not file an answer until early September. Thus, even if this Court had ruled immediately when the case came to issue, limitations on the assault claims would have run. Plaintiff's other state law claims appear to be governed by Maryland's general three-year limitations period, see *Md. Code Ann., Courts & Judicial Proceedings Art.,* section 5-101, and therefore remain viable.