**Karen L. KOURI, Plaintiff,**

v.

**James N. TODD, et al., Defendants.**

**Civ. A. No. 90–0582–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 22, 1990.

sentence would be appropriate for this defendant.

Jesse James, Jr., Alexandria, Va., Jonathan E. Kaufmann, Kaufmann & Brick, Annandale, Va., for plaintiff.

Julia Judkins, Lewis, Tydings, Bryan, Trichilo & Stock, P.C., Fairfax, Va., Philip J. Hirschkop, Alexandria, Va., for defendants.

## MEMORANDUM OPINION

ELLIS, District Judge.

The threshold dismissal motion at bar presents an issue not uncommon in Title VII cases—namely, whether a person not named as a party in the administrative proceeding can be named as a party in the succeeding court action. Here, plaintiff Karen Kouri filed this Title VII sexual harassment action [1] naming her employer, Liberian Services, Inc. ("LSI"), and her supervisor, James Todd, as defendants. In the antecedent administrative proceeding, however, only LSI was named as a respondent. Todd now moves for dismissal of the Title VII claim against him based on the failure to name him as a party in the administrative charge. While the Fourth Circuit has yet to enunciate comprehensive rules addressing this issue, other circuits apply a "substantial identity" test which, applied here, permits plaintiff's Title VII action against Todd notwithstanding the failure to name him as a party in the administrative proceeding. For the reasons

---

1. The complaint also alleges three pendent state claims based on the alleged harassing conduct: (1) assault, (2) battery and (3) intentional infliction of emotional distress.

stated here, the Court also reaches this result.

## BACKGROUND

In November 1987, Todd, LSI's personnel manager, hired Kouri to work at LSI as his secretary and assistant. Shortly thereafter, Kouri alleges, that Todd began sexually harassing her. Kouri unsuccessfully attempted to thwart Todd's unwanted and uninvited advances. Finally, in early May 1988, Kouri complained about Todd's conduct to James McGuire, Deputy Commissioner of Liberian. McGuire undertook no investigation. Instead, McGuire told Kouri to handle the situation herself. Following this meeting, Kouri confronted Todd, who then became hostile to her. Finally, on June 9, 1988, Todd showed Kouri a document recommending her for a promotion, but told her the recommendation would not be forwarded unless Kouri stopped having an affair with a male co-worker. As a consequence of this and all the prior harassment, Kouri, who was not having an affair, determined that her work environment was too hostile to endure and resigned the next day, June 10.

Kouri subsequently filed her claim with the EEOC on June 17, 1988, one week after her resignation. She also filed a formal complaint with the Fairfax County Human Rights Commission ("FCHRC") on June 30, 1988.[2] In each instance, the administrative charges named only LSI as the employer who discriminated against her, but the supporting statements made clear that Todd's conduct was the gravamen of each charge. The FCHRC staff scheduled an investigative conference on March 21, 1989. Kouri and LSI appeared with counsel. Todd also appeared, though the record does not reflect whether he was represented. After the FCHRC staff refused LSI permission to record the proceedings stenographically, Todd and LSI refused to participate and left. Kouri remained and gave testimony.

Subsequently, a public hearing before the FCHRC scheduled for April 4, 1990 had to be cancelled because LSI refused to participate. The record does not reflect whether Todd received notice of this hearing.

Thereafter, Kouri filed this lawsuit against Todd, LSI, and a sister corporation, Administrative Services, Inc. The complaint alleged a Title VII violation and three pendent state claims arising from Todd's sexual harassment of her. The defendants all filed motions to dismiss. The Court dismissed the pendent state claims as barred by Virginia law,[3] but denied LSI's motion concerning the Title VII claim because it was named in the administrative charge. The Court took under advisement Administrative Services, Inc.'s and Todd's related motions to dismiss the Title VII claim for failure to name them in the EEOC complaint, directing the parties to file supplemental briefs. Subsequently, the parties agreed to a dismissal of the claims against Administrative Services, Inc., leaving unresolved only Todd's motion. The supplemental briefs having been filed and reviewed, Todd's motion to dismiss the Title VII claim is now ripe for disposition.

## ANALYSIS

Title VII permits a plaintiff to file a civil discrimination action only "against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). The two purposes of this provision are:

(1) to notify the charged party of the asserted violation and

(2) to bring the charged party before the EEOC to facilitate the Act's primary goal, securing voluntary compliance with the law.

*See Alvarado v. Board of Trustees,* 848 F.2d 457, 458–59 (4th Cir.1988). But because EEOC charges are often filed by

---

**2.** Because the FCHRC is a certified § 706 agency, *see* 29 C.F.R. § 1601.80, Title VII requires the EEOC to defer initial investigation of discrimination claims to the FCHRC. 42 U.S.C. § 2000e–5(c).

**3.** *See Haddon v. Metropolitan Life Ins. Co.,* 239 Va. 397, 389 S.E.2d 712 (1990) (holding that an employee's exclusive remedy for damages caused by the intentional torts of a fellow employee on the job is the Virginia Workmens Compensation System).

non-lawyer complainants without assistance of counsel, courts routinely construe this naming requirement liberally. *See Alvarado*, 848 F.2d at 460. Accordingly, several exceptions to the naming requirement have been recognized.

The first exception is less an exception than a clarification or refinement of the naming requirement.[4] A defendant need not be named in the administrative complaint when it is functionally identical to a named defendant. *See Alvarado*, 848 F.2d at 460. For example, in *Alvarado* the complainant named Montgomery Community College as his employer in the EEOC charge, but sued the college's board of trustees in the subsequent civil action. State statute provided that the college could sue or be sued only through the board of trustees in its official capacity; the board thus controlled the college's litigation. From this, it followed that the board, though not named in the EEOC charge, had received notice and had effectively appeared and been represented before the EEOC. Thus, the Fourth Circuit allowed the suit against the board of trustees, holding that the board and the college were functionally identical for purposes of Title VII. This functional identity test is the only exception to the Title VII naming requirement currently recognized by the Fourth Circuit.

This so-called exception has no application to the facts at bar. Todd and LSI are not functionally identical parties. Todd was merely an employee, not a controlling figure in the corporation. Unlike the board in *Alvarado*, he could not and did not exercise any authority over any litigation involving LSI, including the FCHRC proceedings. Thus, LSI and Todd are not functionally identical for purposes of Title VII.

The next recognized gloss or exception to the naming requirement is the "substantial identity" test. Courts apply this test in cases " 'where there is substantial, if not complete identity of parties,' " to avoid " 'unnecessarily technical and restrictive readings of [the statute] to deny jurisdiction.' " *EEOC v. American Nat'l Bank*, 652 F.2d 1176, 1186 n. 5 (4th Cir. 1981) (dicta quoting with approval *Chastang v. Flynn & Emrich Co.*, 365 F.Supp. 957, 964 (D.Md.1973)), *cert. denied*, 459 U.S. 923, 103 S.Ct. 235, 74 L.Ed.2d 186 (1982). The Fourth Circuit has not formally adopted this exception. *See Alvarado*, 848 F.2d at 461. This Court has previously applied this exception by adopting the Third Circuit's four part balancing test enunciated in *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir.1977). *See Mayo v. Questech, Inc.*, 727 F.Supp. 1007, 1012 (E.D.Va.1989). The four *Glus* factors are:

(1) whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the EEOC complaint;

(2) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party;

(3) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; and

(4) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party.

*See* 562 F.2d at 888.

The test's first two factors are aimed at ferreting out and assessing the reasons for failing to name an entity. Neither is determinative here. Kouri plainly knew Todd's identity and, so far as the record discloses, her failure to name him in the administrative charge is attributable to understandable ignorance of the naming requirement, excusable neglect, or an agency's error in completing a charge form on the basis of

---

**4.** The term "exception," although typically used by courts in this context, seems inappropriate. Courts, in creating the exceptions, are constru-

ing the statutory requirement, not negating it. The terms "gloss" or "clarification" seem more appropriate.

facts supplied by a claimant.[5] The third factor is also inconclusive. Todd's and LSI's interests are substantially, but not fully, congruent. Since he is an LSI employee, Todd's interests align somewhat with LSI's interest in achieving a prompt, efficient and favorable resolution of this matter. But lurking in the background is a potential conflict. Had Kouri's allegations proved true in the agency proceeding, a conciliation agreement might have required LSI to take steps to ensure the conduct does not recur. One conceivable step might involve disciplining or even terminating Todd. Thus, this factor may weigh against excusing the failure to name, but it is not dispositive.

■ The fourth factor, whether Todd was prejudiced, is dispositive. In this context, prejudice occurs when the failure to name a party in the administrative charge results in depriving that party of an opportunity to participate in the agency's resolution and conciliation processes. Thus, no prejudice occurs where an unnamed party receives either (1) adequate notice, such that it had an opportunity to participate in the administrative proceeding, or (2) adequate representation by a named party. *See EEOC v. IBEW*, 476 F.Supp. 341, 347 (D.Mass.1979). Where one of these is satisfied, the balance tips in favor of allowing the court action to proceed against the party unnamed in the agency proceeding. To hold otherwise, would unfairly hold agency claimants, who are typically *pro se*, to technical pleading rules.

■ Here, no persuasive showing of prejudice has been made. Todd undoubtedly had adequate notice of the FCHRC proceedings and the nature of the charges concerning his conduct. He appeared at the FCHRC fact finding hearing. When the FCHRC staff refused to let LSI's stenographer record the proceedings, Todd followed LSI's lead, refused to participate and left. The hearing then proceeded in Todd's voluntary absence, and Kouri's testimony was taken. Accordingly, any prejudice Todd suffered was not caused by plaintiff's failure to name him in the administrative charge; instead, it was self-inflicted for he chose to follow LSI's lead and walk out of the proceeding. Had Todd chosen to stay, he could have participated in the agency process, told his side of the story and protected his interests, for he was armed with notice and knowledge of the charges concerning his actions. In sum, Todd's decision not to participate in the administrative process should not be a basis for allowing him to avoid defending against this action. Only a showing of prejudice, absent here, warrants a different result. Thus, the *Glus* "substantial identity" test, applied here, shows that the Title VII claim against Todd should be allowed *to proceed as he suffered no prejudice from* the technical failure to name him as a party in the administrative charge. This result is consistent with the policy underpinnings that are at the heart of the naming requirement, namely (1) avoiding prejudice to unnamed parties and (2) ensuring that the administrative process is an effective predicate to court action. As noted, any prejudice to Todd was caused by his walkout, not by the failure to name him in the administrative charge. Similarly, failure of the FHCRC process in this instance was also caused by LSI's and Todd's walkout, not by the failure to name Todd in the administrative charge.

Worth noting beyond this is that some circuits have applied an even broader exception to the naming requirement than the *Glus* test. These courts permit a Title VII civil action to proceed against a party not named in the administrative charge where the plaintiff alleged sufficient facts in the charge from which the EEOC could have inferred that the unnamed defendant also violated Title VII. *See Walls v. Mississippi State Dept. of Public Welfare*, 730 F.2d 306, 317–18 (5th Cir.1984); *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1352–53 (9th Cir.1984); *cf. Hamm v. Board of Regents*, 708 F.2d 647, 650 (11th Cir. 1983) (affirming dismissal of Title VII action because not clear EEOC investigation

---

5. Not infrequently, the failure to name more than one respondent in the administrative charge is simply a function of the charge forms given to lay claimants.

arising from charge would have included dismissed defendants). Since Kouri's charge focused sharply on Todd, this exception would apparently apply; given the administrative charge's focus on Todd's conduct, the EEOC could easily have inferred that Todd also violated Title VII. But this test seems too liberal; it requires only that a court, after reading a charge, find that the EEOC could have discovered the unnamed defendant's Title VII violation during its investigation. In so doing, it ignores the importance of avoiding prejudice to the unnamed party. In cases where the EEOC does not investigate, a court would lack any adequate means of determining whether the unnamed defendant had notice or was adequately represented by a named party.

In sum, the Court finds that where, as here, a Title VII administrative charge names only a corporate employer, but the core of the charge concerns an individual employee's conduct, and that employee receives notice and appears at an administrative hearing, the technical failure to name the employee in the EEOC charge, absent a showing of prejudice, will not bar a subsequent civil action against that individual. Under these circumstances, a substantial identity exists between employer and employee such that the individual suffers no substantial prejudice by not being named. In these circumstances, barring the court action would unnecessarily prejudice lay claimants by requiring adherence to technical pleading rules. The result here might have been different had Todd's conduct not been the principal focus of Kouri's complaint or had Todd not had actual notice of the FCHRC investigation. But these were not the facts presented.

Accordingly, Todd's Motion to Dismiss the Complaint for failure to fulfill Title VII's administrative requirements is DENIED. An appropriate Order will issue.