## Linda D. ARMSTEAD

v.

## BECTON DICKINSON PRIMARY CARE DIAGNOSTICS, INC., et al.

### Civil No. L-95-911.

United States District Court,
D. Maryland.

March 8, 1996.

---

**8.** In fact, Rice's discharge was merely for commission of a serious offense, not for **conviction** on a civilian offense. *See* 32 C.F.R. § 41, App. A.

**9.** The unprecedented expansion of the Double Jeopardy Clause urged by the defendant "would [also] create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double jeopardy prohibition is aimed." *Wade v. Hunter*, 336 U.S. 684, 688–89, 69 S.Ct. 834, 836–37, 93 L.Ed. 974 (1949). If jeopardy attached to an administrative discharge proceeding, for instance, the military potentially would be precluded from discharging a member previously convicted of a federal offense in a civilian court, since the subsequent discharge proceeding would place the member at risk. By the same token, a federal employee administratively discharged for misappropriation of federal funds would be immune from subsequent prosecution by the United States.

Linda D. Armstead, pro se.

Patrick John Stewart, Baltimore, Maryland, for defendants.

### MEMORANDUM

LEGG, District Judge.

Before the Court is defendants Patricia Belmonte's, Elizabeth Wolff's, and George Snediker's motion to dismiss or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6) and 56(b). This suit is brought under 42 U.S.C. § 2000e *et seq.* ("Title VII") for alleged unlawful discrimination against plaintiff and under section 509 of the Rehabilitation Act. For the reasons set forth below, defendants' motion to dismiss will be GRANTED by separate ORDER.

### I. STATEMENT OF FACTS

Plaintiff Linda D. Armstead was hired by Becton Dickinson Primary Care Diagnostics, Inc. ("Becton"), in September 1990, as a technical specialist at the Becton facility in Sparks, Maryland. In December 1992, Armstead was injured in an automobile accident and hospitalized for approximately one month. Plaintiff was unable to return to work for an additional six months after she was released from the hospital, and even after her return to work, continued to need physical therapy.

Shortly after Armstead's return, the section in which plaintiff worked was reorganized. Becton scaled back the number of employees and relocated the department. As an affected employee, plaintiff was given the opportunity to apply for existing positions within the Sparks facility. In January 1994, Armstead was selected for the position of technical representative in the Primary

Care Diagnostics Division. In her new job, defendant Patricia Belmonte was Armstead's immediate supervisor.

Plaintiff was the sole African–American professional employed by the department. Armstead alleges that the position was significantly different from her previous job, but that she was given no additional training. Plaintiff also alleges that non-African-American employees were provided training opportunities which she was denied despite multiple requests.

Throughout the period Armstead worked as a technical representative, Belmonte allegedly harassed her by making her feel alienated and by forcing her to use her vacation time, rather than her sick leave, to attend physical therapy appointments. Moreover, plaintiff has alleged that Belmonte made degrading statements to her and treated other similarly situated white employees more favorably. During plaintiff's six month review, Belmonte admonished Armstead for being too slow and advised her to look for another job. Subsequently, plaintiff was fired.

Following her termination, plaintiff contacted defendant Elizabeth Wolff, Director of Becton's Human Resources Department, to inquire as to other possible positions in the company. Wolff allegedly discriminated against Armstead by saying to her "that plaintiff was unable to perform her current duties so how could she expect to perform the duties required under a new position." Additionally, Armstead has implicated another Becton employee, defendant George Snediker, as discriminating against her by witnessing the alleged discriminatory treatment and failing to correct the situation.[1]

On or about July 27, 1994, plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") against Becton for violations of Title VII. The EEOC determined that there was no basis for plaintiff's claims, and on December 30, 1994, issued a right to sue letter.

On March 27, 1995, plaintiff brought this suit pursuant to Title VII and the Rehabilitation Act with a pendant common law claim

(intentional infliction of emotional damage). Belmonte, Wolff, and Snediker (collectively the "Individual Defendants") have moved to dismiss all claims against them pursuant to Fed.R.Civ.P. 12(6) and 56(b).

## II. DISCUSSION

The Individual Defendants have moved to dismiss on the following grounds: 1) they were not named in the administrative charge and are not necessary parties to the suit; and 2) plaintiff has failed to state a claim under the Rehabilitation Act.

### A. Standard of Review

■ Because exhibits have been filed, the Court will treat defendants' motion as a motion for summary judgment. The Court shall grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A summary judgment motion "enable[s] a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." Lujan v. National Wildlife Federation, 497 U.S. 871, 888–89, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1990).

■ The Fourth Circuit has stated that "[t]he summary judgment inquiry thus scrutinizes the [moving party's] case to determine whether the [non-moving party] has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993). In determining whether there exists a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. Over-

1. Plaintiff has failed to provide specific information regarding Snediker. She has alleged that

Snediker was an employee of Becton but omitted his position in the firm and his relation to her.

*street v. Kentucky Cent. Life Ins. Co.,* 950 F.2d 931, 937–38 (4th Cir.1991).

## B. *Unnamed Parties*

 Title VII allows a plaintiff to file an action only "against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). The purpose of this requirement is two fold. First, the provision serves to put the named party on notice of a claim against him prior to the start of litigation, and second, the provision allows the EEOC the opportunity to resolve the conflict through voluntary compliance. *See Mickel v. South Carolina State Employment Service,* 377 F.2d 239, 243 (4th Cir.) *cert. denied,* 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967). Because EEOC charges are often filed by laypersons, however, courts have generally not required procedural exactness. *See Alvarado v. Board of Trustees,* 848 F.2d 457 (4th Cir.1988); *Kaplan v. International Alliance of Theatrical & Stage Employees,* 525 F.2d 1354, 1359 (9th Cir.1975).

 The Individual Defendants have urged the Court to adopt the following test for defendants unnamed in an administrative charge:

Where joinder of a new defendant not named in the EEOC charge is necessary to preserve a plaintiff's Title VII remedies, the joinder will be allowed but that where joinder of the new party is not necessary to preserve the plaintiff's Title VII rights, joinder will not be allowed.

*Kritil v. Port East Transfer, Inc.,* 661 F.Supp. 66, 67 (D.Md.1986) (citing *Borowski v. Vitro Corp.,* 634 F.Supp. 252 (D.Md.1986)). Since *Kritil,* however, an intra-district split has developed regarding the issue and the

Fourth Circuit has offered only limited guidance.

Courts in the Eastern District of Virginia have adopted the "substantial identity" test enunciated by the Third Circuit in *Glus v. G.C. Murphy Co.,* 562 F.2d 880 (3rd Cir. 1977). *See e.g. Nicol v. Imagematrix, Inc.,* 767 F.Supp. 744 (E.D.Va.1991); *Kouri v. Todd,* 743 F.Supp. 448, 451 (E.D.Va.1990). Under this test, an individual unnamed in the administrative charge may be made a party in a subsequent suit if, on balance, the following four factors favor the plaintiff:

1) Whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the EEOC complaint;

2) Whether under the circumstances, the interests of the named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

3) Whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the interest of the unnamed party; and

4) Whether the unnamed party has in some way represented to the complainant that his relationship with the complainant is to be through the named party.

*Nicol,* 767 F.Supp. at 751. Although it has alluded to the "substantial identity" test favorably in dictum, the Fourth Circuit has refused to address whether it is willing to adopt the test. *Alvarado,* 848 F.2d at 461.[2]

Upon careful consideration, this Court holds that the rule enunciated in *Borowski* and *Kritil* provides a better test for determining when a person, unnamed the adminis-

---

**2.** The Fourth Circuit has explicitly recognized only one exception to the naming requirement. *Alvarado,* 848 F.2d 457. A plaintiff is not barred from bringing suit against a party unnamed in the administrative charge when the unnamed party is legally identical to a party named in the administrative charge.

In *Alvarado,* the plaintiff filed an EEOC claim against the college for which he worked. Subsequently, the plaintiff filed suit against both the college and its board of trustees in their official capacity. The Fourth Circuit held that the par-

ties were legally identical and that to dismiss the plaintiff's claim would be hyper-technical. *Alvarado,* 848 F.2d at 458–60.

This "legal unity" exception is not applicable to the instant case. Unlike members of a board of directors, who control and represent an organization, the Individual Defendants are merely employees of Becton. Because the Individual Defendants are not legally identical to Becton, they do not fall under the *Alvarado* exception. *Id.* at 460.

**192**

trative charge, may be made a party in a subsequent civil suit. The *Borowski* rule follows the plain language and purpose of the statute by limiting the parties in a civil suit to those who were named in the charge. Thus, the potential defendants are those individuals who had notice and the opportunity to conciliate with the complainant prior to litigation.

A plaintiff, however, is not completely barred from suing an unnamed party. If she can establish that inclusion of a party is necessary to preserve her Title VII rights, the Court will allow an unnamed party to be joined in a suit. Thus, an unsophisticated plaintiff is protected from the loss of a claim due to technical procedural grounds.

■ In the instant case, it is uncontested that the Individual Defendants were not named in the EEOC complaint. The Court will dismiss the Title VII count against these defendants, unless they are necessary to preserve plaintiff's Title VII rights.

This decision does not leave plaintiff without a remedy. Armstead alleges that Becton, through the authorized actions of its employees (the Individual Defendants), discriminated against her on the basis of her race. All the remedies plaintiff seeks from the Individual Defendants are recoverable from Becton should she be able to prove her that she was discriminated against.[3] Thus, the Individual Defendants are not necessary parties to preserve the rights and remedies of plaintiff under Title VII. The Court, therefore, will dismiss the Title VII count as to the Individual Defendants by separate Order.

## C. *Rehabilitation Act*

■ In her complaint, Armstead pleads that "[a]ll of the above defendants failed to reasonably accommodate plaintiff, in violation of the rehabilitation act."[4] Compl. at 5. Plaintiff's generalized allegation, however, is insufficient to state a claim.

■ To establish a prima facie claim under section 504 of the Rehabilitation Act (the "Act"), the plaintiff must show:

1) She is an individual with a disability as defined by the Rehabilitation Act;

2) She is otherwise qualified;

3) She is being excluded from the participation in, being denied benefits of, or being subjected to discrimination under the program solely by reason of her disability; and

4) The relevant program or activity receives federal financial assistance.

*Lewin v. Medical College of Hampton Roads,* 1996 WL 11891, *10 (E.D.Va.1996); *see also* 29 U.S.C. § 794(a).

Plaintiff makes no allegation that Becton receives federal financial assistance and states only the vaguest of assertions regarding the defendants' alleged discriminatory acts. Thus, the complaint fails to state a claim under the Act against any of the defendants. *School Bd. of Nassau County v. Arline,* 480 U.S. 273, 277, 107 S.Ct. 1123, 1125, 94 L.Ed.2d 307 (1987) (noting that the purpose of the Act was to ensure that no one would be subject to discrimination under any program receiving federal financial assistance). The Court will grant the motion to dismiss as to the Rehabilitation Act claim against the Individual Defendants and will, *sua sponte*, dismiss the claim against Becton by separate Order. The dismissal, however, will be without prejudice.

## III. *CONCLUSION*

For the reasons stated above, the Court, by separate ORDER, will GRANT the Individual Defendants' motion to dismiss as to the Title VII claim. In said Order, the Court will also GRANT the motion to dismiss as to the Rehabilitation Act claim without prejudice.

Having dismissed the Title VII and Rehabilitation claims as to Wolff, the Court lacks jurisdiction over any pendant state claim

---

3. The Court notes that Becton has filed an answer to plaintiff's complaint and is a proper party to this suit. Moreover, there is no evidence to suggest that Becton will not be able to pay should a judgment be entered against it.

4. Plaintiff's reference to the Rehabilitation Act was hand written into her typed complaint.

against Wolff. Thus, the Court will *sua sponte* DISMISS, without prejudice, the intentional infliction of emotional distress claim against Wolff. Finally, the Court will *sua sponte* DISMISS, without prejudice, the Rehabilitation Act claim against Becton for failure to state a claim.

### ORDER

For the reasons given in a Memorandum of even date, the Court hereby:

1) GRANTS defendants Belmonte's, Wolff's, and Snediker's motion to dismiss as to the Title VII claim;

2) GRANTS defendants Belmonte's, Wolff's, and Snediker's motion to dismiss as to the Rehabilitation Act claim without prejudice;

3) DISMISSES, *sua sponte,* the intentional infliction of emotional distress claim against defendant Wolff without prejudice; and

4) DISMISSES, *sua sponte,* the Rehabilitation Act claim against defendant Becton Dickinson Primary Care Diagnostics, Inc. without prejudice.

IT IS SO ORDERED this 8th day of March 1996.