## SCOTT & WIMBROW, INC. *v.* WISTERCO INVESTMENTS, INC. ET AL.

[No. 1089, September Term, 1976.]

*Decided May 20, 1977.*

The cause was argued before THOMPSON, LOWE and MELVIN, JJ.

*Peter Ayers Wimbrow, III,* for appellant.

*Sally D. Adkins,* with whom were *Raymond S. Smethurst, Jr.* and *Adkins, Potts & Smethurst* on the brief, for appellees.

LOWE, J., delivered the opinion of the Court.

At issue upon this appeal from the Circuit Court for Worcester County is the propriety of the action of the chancellor in sustaining without leave to amend the demurrer of appellees, Wisterco Investments, Inc. and its codefendants, to the bill of complaint to enforce a mechanics' lien filed by appellant Scott & Wimbrow, Inc. We find the chancellor's reasoning eminently sound, and we affirm his decree.

The peculiar advantage of a mechanics' lien over the more conventional debtor's suit was substantially diminished by the holding of *Barry Properties v. Fick Bros.*, 277 Md. 15. The lien that once attached on the simple say-so of a claimant must now be proved at a preliminary hearing. The proceeding to enforce the lien was transformed by *Barry* into a proceeding to establish a lien, *Landover Assoc. Lmt'd v. Fabricated Steel Products, Inc.*, 35 Md. App. 673 (1977). The procedure was formalized by the Legislature by Laws 1976, Ch. 349, § 3, effective May 4, 1976, amending Md. Code, Real Prop. Art., § 9-105, to overcome the constitutional prejudgment impediment pointed out by *Barry.* While there may still be some procedural advantages in the obtention of a mechanics' lien instead of pursuing an action at law on the contract, there is at least one disadvantage. Because the mechanics' lien proceeding is still *in rem,* the collectability of the debt is limited to the particular property described in the lien claim, see *Landover Assoc. Lmt'd v. Fabricated Steel Products, Inc., supra,* while a judgment on the debt is *in personam* and subjects all of the properties of the judgment debtor to its claim.

When one considers that a mechanics' lien exists only by virtue of Md. Code, Real Prop. Art., § 9-101, *et seq.*, the mechanics' lien statute, *Himelfarb v. B & M Weld. & Iron Wks,* 254 Md. 37; *Freeform Pools v. Strawbridge,* 228 Md. 297; and that there can be no lien for anything that does not fall within the provisions of that law, *Caton Ridge v. Bonnett,* 245 Md. 268, a careful reading of that statute reveals the relief provided by it to mechanics and materialmen is narrowly circumscribed, even when liberally

construed. See *Himelfarb, supra; Johnson v. Metcalfe,* 209 Md. 537.

A mechanics' lien provides a peculiar protection to those who have provided skills or materials in the construction or reconstruction of a building, and the lien is essentially against the building itself. Md. Code, Real Prop. Art., § 9-101 (a).[1] Only so much land as is covered by the building is subject to the lien and

> "as much other land, immediately adjacent and belonging in like manner to the owner of the building, as may be necessary for the ordinary and useful purposes of the building. . . ." Real Prop. Art., § 9-102,

but it is clear from the legislative history of the mechanics' lien law that the land is only incidentally involved.

When initially enacted in 1838 by Laws of Md., Ch. 205, the lien was limited to work done in the erection of a building. In 1910, Laws of Md., Ch. 52, the claim was broadened to include materials used in the building. It was not until 1943, Laws of Md., Ch. 982, that the lien was extended to include debts for work done on the land adjacent to the building. That act specifically included grading, filling and landscaping in the "work done for or about" the building. Finally, in 1953, Laws of Md., Ch. 759, suppliers were permitted a lien "for materials furnished for or about the same . . . ."

Two essential prerequisites for a lien (or a claim for a lien) emerge from this brief analysis. First, the nature or kind of work and the kind and amount of materials furnished must be specified to determine if that work and material were "for or about the building." Secondly, the owner of the building, the latter's locality, and a description sufficient to identify

---

1. Because the facts giving rise to this case occurred prior to the effective date of the 1976 revision of the mechanics' lien law, the sections of the Real Property Article we use are those which existed prior to May 4, 1976. We do not suggest, however, that our result would be different if the more recent wording was applicable.

the building must be provided. These simple requirements, together with noting the amount claimed and the time the work or material was supplied, are all that was necessary to file a mechanics' lien claim. Real Prop. Art., § 9-105 (c).[2]

Appellant's simplified version of compliance with § 9-105, was as follows:

"Notice is given by Scott & Wimbrow, Inc. referred to as lienholder, as follows:

1. Lienholder claims a lien against the structures at Lighthouse Sound, St. Martins Neck, Maryland, and against the property on which such structure is situated, which property is more particularly described in the attached Exhibit 'A'.

2. Montego Bay Development Corporation, Fountainhead Condominiums, Ocean City, Maryland 21842, Wisterco Investments, Inc., North Park Drive Ext., P. O. Box 1992, Salisbury, Maryland 21801, and William R. Bloxom, Revels Neck Road, Princess Anne, Maryland 21853 referred to as owners, are the legal owners of the real property described above.

3. Lienholder has furnished materials and provided services as shown in Exhibit 'B' and has not received payment.

4. Pursuant to *Real Property §9-105 Md. Code Ann.*, lienholder claims a lien against the above described property, and against the improvements for One Hundred Thirty Thousand, One Hundred

---

**2.** Real Prop. Art., § 9-105 (c) provides:

"(c) *Contents of claim.* — Every claim shall set forth:

(1) The names of the claimant, the owner or reputed owner of the building, and if the contract is made by the claimant with the contractor, architect, or builder;

(2) The amount or sum claimed to be due, the nature or kind of work or the kind and amount of materials furnished, and the time when the materials were furnished or the work done; and

(3) The locality of the building, and a description adequate to identify the building."

Seventy-three Dollars and Twenty-two Cents ($130,173.22).

> SCOTT & WIMBROW, INC.
> BY PETER AYERS WIMBROW, III, Esq.,
> Vice-President and
> General Counsel."

ATTEST:
RAYMOND C. McALLISTER, JR.,
   Secretary

Although the necessity of clearly setting forth the nature of the claim and a description of the building are as apparent as the reasons for those requirements, Wimbrow's version contains only convoluted reference to attached deeds and bills which, when examined, completely fail to comply with the statutory requirements of a lien claim. Its idea of a "description adequate to identify the building" was to refer in its first numbered paragraph to the much broader term "structure", which, while perhaps including a building, see *Freeform Pools v. Strawbridge, supra,* certainly does not describe one. Even if the building had been adequately described, however, its "locality" was not. Utilizing the plural this time, Wimbrow claimed its lien against "the structures at Lighthouse Sound, St. Martins Neck, Maryland". It then refers to an attached deed wherein the "property is more particularly described". That more particular description sets forth three tracts of land by metes and bounds. The one denominated "Lighthouse Sound" consists of 713 acres, wherein are situate, somewhere we are left to assume, the "structure" or "structures" so vividly described by Wimbrow against which it desired the lien to attach.

Given this description as the foundation of Wimbrow's bill of complaint to enforce the mechanics' lien, we need hardly go beyond it to hold that the chancellor was correct in sustaining appellees' demurrer to the bill. However, it becomes pertinent subsequently to point out further defects in the bill to which the demurrer was also addressed.

Wimbrow's version of setting forth "the nature and kind of work or the kind and amount of materials furnished" was to attach to its complaint a packet of "exhibits" in the nature of bills. These indicated that they represented $130,000 worth of fill dirt and services consisting of moving earth by dozer, crane and elevator pan. It is impossible to determine from them whether the work and material were of the kind which can subject a building or buildings and immediately adjacent land to a mechanics' lien. The only fill dirt or earth moving which can evoke a lien must be "for or about a building" and its "immediately adjacent" land, and is limited by § 9-101 to

> "the grading, filling, landscaping, and paving *of the premises*." (emphasis added).

It is perhaps possible, but hardly probable, that appellant provided $130,000 worth of grading, filling, landscaping and paving for a single building and its "premises". Yet if we were to guess that Wimbrow claims such services and material for more than one building's premises — which conjecture it invites by using both the singular and plural of "structure" in its description — it has failed to comply with § 9-105 (d), which states that when there is a claim against two or more buildings owned by the same person, the claimant

> " . . . shall designate at the same time the amount he claims is due him on each building."

We find Wimbrow's contention upon appeal that the entire tract of 713 acres (if not the two additional parcels also described in the deed appended to the bill of complaint) consists of a single lienable unit — "because it is all necessary for the enjoyment and usage of the buildings" — to be spurious. The chancellor may not assume facts not properly pleaded, see *Petroli v. Baltimore*, 166 Md. 431, and the description of structures, which happen to be a building or buildings, to which "premises" consisting of 713 acres would be "immediately adjacent", would entail quite an assumption.

Wimbrow further contends that because there existed a statutory solution for its own defective pleading had appellees only sought it as permitted by § 9-102 (b) (which allowed the appellees to apply for a designation of boundaries of the land appurtenant to the building) we should preclude the alternate remedial route of demurrer chosen by appellees. Such an argument also "smells of the lamp." There could be no designation of boundaries of land appurtenant to a building when there is no "building" designated, described or located in the lien claim. Furthermore, the existence of one remedial avenue does not preclude the election of another, and a demurrer is proper to determine the sufficiency of facts in the proceeding to enforce (or establish) a lien. See *Lynn v. Goldman,* 216 Md. 562.

The demurrer was obviously properly sustained for failure to describe the building or buildings, for failure to situate them in a reasonable locale, and for failure to describe the nature or kind of work or the kind and amount of materials furnished.

### Leave to Amend

Despite the general trend under Md. Rule 320 to permit amendments liberally, "in order to promote justice", *Crowe v. Houseworth,* 272 Md. 481, 485; *Staub v. Staub,* 31 Md. App. 478, 480-481; we find no abuse of the trial judge's discretion in denying appellant leave to amend. The Legislature did expressly state its intention to extend or even expand the liberal leave to amend in mechanics' lien proceedings. Md. Code, Real Prop. Art., § 9-110; see also *Wilhelm v. Roe,* 158 Md. 615; *Real Estate Co. v. Phillips,* 90 Md. 515. Section 9-110 provides:

"SUBTITLE A REMEDIAL LAW: AMENDMENT TO PROCEEDINGS.

This law is remedial and shall be so construed to give effect to its purpose. Any amendment shall be made in the proceedings, commencing with the claim or lien to be filed and extending to all

subsequent proceedings, as may be necessary and proper. However, the amount of the claim or lien filed may not be enlarged by amendment."

But we find Md. Rule BG 72 dispositive on the facts of this case. The rule provides in pertinent part:

"Pleadings in an action filed under this Subtitle may be amended pursuant to Rule 320 except that after the expiration of the period within which notice of the lien claim must be given, or the petition to establish the lien must be filed if notice is not required, no amendment shall be permitted which will . . . (2) materially alter the description of the land." [3]

Although the cases denying leave to amend by substituting different properties for those described in the lien, *e.g., Brunecz v. DiLeo,* 263 Md. 481 and *Gault v. Wittman,* 34 Md. 35, might be distinguishable from the case at bar because here the description sought to be altered concerns the same property, and in those cases a different property altogether was intended, Md. Rule BG 72 does not recognize the distinction. Considering the nature of the claim, it is apparent that the amendment would "materially alter the description of the land". Indeed, in view of the

---

**3.** To the extent that there may be a conflict between Md. Code, Real Prop. Art., § 9-110 (now § 9-112) and Md. Rule BG 72, we note that the Court of Appeals adopted the current version of the Rule by order of July 12, 1976, effective August 9, 1976. The order stated, *inter alia,*

"that the Rules changes hereby promulgated shall govern the courts of this State and all parties and the counsel in all actions and proceedings commenced on and after the effective date of this Order; and, insofar as practicable, shall apply to all actions and proceedings then pending".

Rule BG 72 is therefore applicable here, and it has the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law. Md. Const., Art. IV, § 18A. A rule adopted subsequent to a statute prevails until the rule is repealed or modified by a subsequent statute or rule. County Fed. S. & L. v. Equitable S. & L., 261 Md. 246; Hensley v. Bethesda Metal Co., 230 Md. 556. The most recent version of Md. Code, Real Prop. Art. § 9-110 was effective May 4, 1976. Accordingly, we rest our decision on Md. Rule BG 72.

numerous and essential failures of appellant's claim to comply with § 9-105 (c), amendment would permit a claim where none had been before. Not only would the amendment have to describe a building or buildings, but it would have to locate each building on the premises upon which the work was done or material used, § 9-101, or on premises located immediately adjacent to the building and necessary for its ordinary and useful purposes, § 9-102. Whether there is a large number of buildings or a small number of buildings involved, to describe restrictively anew 713 acres in conformity with the statutory limitations would be to make a material alteration of the description of the land.

At argument Wimbrow explained that it chose the time and expense of an appeal on a lien claim (which would give it no apparent creditor priority in light of *Barry, supra*), instead of filing a suit in a general creditor proceeding, (which would provide a broader source than the restricted fund available to a mechanics' lien, see *Rust v. Chisolm*, 57 Md. 376), "to satisfy [its] academic curiosity". While such reasons do not justify an expenditure of judicial time, we hope Wimbrow has learned the answer to whatever may have puzzled it. We find it curious that for such obvious answers one would expend the costs of appeal rather than carefully read the statute.

*Decree affirmed.*
*Costs to be paid by appellant.*