729 F.Supp. 477 (1990)
UNITED STATES of America, for Use and Benefit of ALLIED BUILDING PRODUCTS CORP., etc., Plaintiff,
v.
The FEDERAL INSURANCE COMPANY and A.S. McGaughan Company, Inc., et al., Defendants.
Civ. Nos. S 88-3805, S 89-1544.
United States District Court, D. Maryland.
January 24, 1990.
Miller John Poppleton, Jr., Protas & Spivok, Chartered, Rockville, Md., for plaintiff/counter-defendant.
*478 Douglas G. Worrell, Smith, Somerville & Case, Baltimore, Md., for counter-defendant Mueller Roofing.
V. Frederic Lyon, Julie A. Quagliano, S. Scott Morrison, Lyon & McManus, Washington, D.C., for defendants/counter-plaintiffs.
Gerard P. Sunderland, Whiteford, Taylor & Preston, Baltimore, Md., for counter-defendant Fidelity & Deposit.

MEMORANDUM OPINION
SMALKIN, District Judge.
These related cases are before the Court on defendants' motions to dismiss punitive damages and plaintiff's motions to amend the complaints. These matters have been fully briefed, and no oral argument appears necessary.
Defendants' motions to dismiss punitive damages and plaintiff's motions are closely related, in that they both turn on the extent to which this Miller Act case will be allowed to stray off into the land of tort. The Court, while keeping in mind the admonition of Fed.R.Civ.P. 15(a) that leave to amend a pleading should be freely granted, must also bear in mind that the same command is tempered by companion language requiring that such liberality be exercised when the interests of justice so require. In this case, the interests of justice very clearly militate against allowing the amendments sought.
First, there is insufficient excuse offered for the delay in seeking the amendments to outweigh the prejudice to the defendants that would accompany their allowance. But, even aside from any consideration of delay and prejudice, the interests of justice are not served by amendments that are patently unsupportable in law, because such amendments sidetrack the parties and the Court from the essential goal of the litigative process, as stated in Fed.R.Civ.P. 1, viz., the speedy, just, and inexpensive resolution of disputes. It serves no purpose to allow amendments that would be immediately susceptible to a motion to dismiss for failure to state a legally sufficient claim. See Laitram Corp. v. Deepsouth Packing Co., 279 F.Supp. 883, 887 (E.D.La. 1968).
Turning to the proposed new claims, Count V seeks to recover for breach of a fiduciary duty and seeks to impose a constructive trust. Both must fail, because it is plain that general contractors and their subcontractors do not stand in a confidential relationship to one another. Although there is no Maryland case law directly on point, the Court is persuaded that a Maryland court considering this issue would resolve it as did the Fifth Circuit in Crawford Painting & Drywall Co. v. J.W. Bateson Co., 857 F.2d 981, 985-86 (5th Cir.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 850, 102 L.Ed.2d 982 (1989). Absent an express statement of the parties' mutual intent to stand in such a relationship vis-a-vis each other, see Jones v. J.H. Hiser Construction Co., 60 Md.App. 671, 484 A.2d 302 (1984), cert. denied, 303 Md. 114, 492 A.2d 616 (1985), the law will not find such a relationship between parties situated as are those in this case. The statutes cited by the plaintiff in support of the amendment are not apt. The Maryland Construction Trust Statute, Md. Real Prop.Code Ann. §§ 9-201 to -204 (1988 & Supp.1989), applies only to state-financed buildings and to those subject to the Maryland mechanics' lien statute. See id. § 9-204. Of course, federal construction projects such as this are not subject to the Maryland mechanics' lien statute, which is why the Miller Act was enacted in the first place.
Contrary to the assertion of the defendants, the element of a confidential relationship is not required for the imposition of a constructive trust, although its presence makes it easier for one to be imposed. See Wimmer v. Wimmer, 287 Md. 663, 668-69, 414 A.2d 1254, 1257-58 (1980). Nonetheless, the predicate act of fraud alleged in support of the constructive trust amounts to no more than a claim of breach of contract, i.e., the failure of management to approve a check to Del Tufo. Even if this breached a contract, it did not amount to fraud, for want of the essential element of reasonable detrimental reliance.
*479 The conversion claim is also fatally defective, in that no sufficient basis is alleged for Allied's right to assert this claim respecting the property of Del Tufo. An action for conversion can be maintained only by one with a right to possession of the property concerned. See, e.g., Hamilton v. Ford Motor Credit Co., 66 Md.App. 46, 64, 502 A.2d 1057, 1066, cert. denied, 306 Md. 118, 507 A.2d 631 (1986). Here, there is no sustainable basis under the accounts receivable financing relationship between Allied and Del Tufo for concluding, either under the U.C.C. or in contract, that Allied had a possessory right to the personal property concerned.
The claim for "constructive fraud" is also without legal foundation under Maryland law generally, as well as for the want of any fiduciary relationship, as discussed above.
Next, the Court is of the opinion that U.C.C. § 9-502 provides no basis for any claim in this case. The right of the secured party to receive payment under that section is a substitute for foreclosure against the debtor in the financing of accounts receivable. Because this species of collateral is intangible, the secured party's familiar remedy of repossession is obviously useless, and § 9-502 allows the secured party, on default, to redirect the underlying account obligor's payment from the Article 9 debtor to itself. Nothing in that section gives the secured party a statutory cause of action against the account obligor (here, defendants). Furthermore, a secured party financing a subcontractor is not recognized as a proper claimant under the Miller Act in its own right. See, e.g., U.S.A. f/u/b/o Owens-Corning Fiberglass Corp. v. Brandt Construction Co., 595 F.Supp. 1117, 1119 (C.D.Ill.1984), vacated and remanded on other grounds, 826 F.2d 643 (7th Cir.1987), cert. denied, 484 U.S. 1026, 108 S.Ct. 751, 98 L.Ed.2d 764 (1988).
An amendment is sought to the complaint in Civil No. S 89-1544 to add a quantum meruit claim. This amendment appears allowable.
The Court is convinced there is no basis for the assertion of a claim for punitive damages in connection with the alleged breach of contract, in the absence of any viable separate and independent tort. Therefore, the punitive damages claim will be disallowed as an amendment to the complaint in Civil No. S 89-3805, and it will be dismissed, with prejudice, in Civil No. S 89-1544.
Finally, the Court notes that the Miller Act was intended as a simple remedy for unpaid subcontractors on federal building projects. The essence of the Miller Act case is a breached contractual obligation. To allow such a case to turn into a tort case would frustrate the purpose of the Miller Act by complicating the litigation immensely. Therefore, the Court would not, in the exercise of its discretion, entertain the sort of pendent claims sought here to be asserted, even if they had merit prima facie. See Kritil v. Port East Transfer, Inc., 661 F.Supp. 66, 67-68 (D.Md.1986).
A separate order will be entered accordingly.