**JAGUAR TECHNOLOGIES, INC.**

v.

**CABLE–LA, INC., et al.**

**No. CIV.A.DKC 2002–2656.**

United States District Court,
D. Maryland.

Oct. 10, 2002.

James D. Fullerton, Clifton, VA, for Plaintiff.

David E. Manoogian, Epstein Becker and Green PC, Washington, DC, Paul S. Suger, Kelly J. Davidson, Ober Kaler Grimes and Shriver, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this breach of trust case filed under the Maryland Construction Trust Statute (Construction Trust Statute), Md.Code Ann., Real Prop., §§ 9–201 to 9–204 (1987), is the motion of Defendant Henkels & McCoy, Inc. (Henkels or H & M) to dismiss the complaint of Plaintiff Jaguar Technologies, Inc. d/b/a/ Jagco Directional Drilling (Jagco) for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant Defendant's motion.

## I. Background

Defendant Henkels served as general contractor on a construction project that involved the installation of utility lines in Montgomery County, Maryland. Henkels hired subcontractor Cable–La, Inc. (Cable–La) who in turn hired Plaintiff to provide labor, material, and equipment necessary for directional drilling services for the project. Plaintiff performed the agreed upon services for Cable–La but has not been paid.

Plaintiff brought this suit against Defendant Henkels (among others) in Circuit Court for Montgomery County, Maryland in June 2002. On August 12, 2002, Defendant removed the action to this court. Plaintiff asserts what is essentially one breach of trust claim, divided into two counts, against Henkels pursuant to Maryland's Construction Trust Statute. The first count (Count III) against Henkels is for retaining trust funds held for the benefit of Plaintiff and not paying them over to Plaintiff. The second count (Count IV) is for knowingly using those trust funds for a purpose other than paying Plaintiff. On August 19, 2002, Defendant moved to dismiss these claims pursuant to Fed.R.Civ.P. 12(b)(6).[1]

---

1. There are several additional defendants, some of whom apparently have not been served. All claims, however, depend on the Maryland Construction Trust Statute. In light of the ruling herein, Plaintiff will be

## II. Standard of Review

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47, 78 S.Ct. 99; *Comet Enters. Ltd. v. Air-A–Plane Corp.*, 128 F.3d 855, 860 (4th Cir.1997). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

In reviewing the complaint, the court accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir.1969). The court need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United*

*Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979).

## III. Analysis

Defendant moves to dismiss Plaintiff's breach of trust claims on the ground that Plaintiff has failed to state a claim on which relief can be granted under Maryland's Construction Trust Statute. The statute was enacted in 1987 to "protect subcontractors from dishonest practices by general contractors and other subcontractors for whom they might work." *Ferguson Trenching Co. v. Kiehne*, 329 Md. 169, 174–75, 618 A.2d 735, 737 (1993). It does so by creating a trust, of money paid by an owner to a contractor (or by an owner or contractor to a subcontractor), held by the contractor (or subcontractor) as trustee for the benefit of the subcontractor(s) who perform the work or furnish the materials for the construction of a building. Section 9–201(b)(1) states:

> Any moneys paid under a contract by an owner to a contractor, or by the owner or contractor to a subcontractor for work done or materials furnished, or both, for or about a building by any subcontractor, shall be held in trust by the contractor or subcontractor, as trustee, for those subcontractors who did work or furnished materials, or both, for or about the building, for purposes of paying those subcontractors.

Section 9–202 then renders the trustee contractor or subcontractor personally liable for retaining or using the trust fund "for any purpose other than to pay those subcontractors for whom the moneys are held in trust." Application of the Construction Trust Statute is limited to property subject to § 9–102 (the Maryland Mechanics' Lien Statute) and to contracts subject to Title 17, Subtitle 1 of the State Finance and Procurement Article (also

directed to show cause why the entire complaint should not be dismissed.

known as the Maryland Little Miller Act). Md.Code Ann., Real Prop. § 9–204 (1987). Defendant Henkels argues that Plaintiff's allegations fail to satisfy the requirements of § 9–204(a) and that the Construction Trust Statute therefore cannot apply to Plaintiff's case.

The Maryland Little Miller Act governs state finance and procurement. Because Plaintiff has not alleged that the construction project for which it was hired was undertaken pursuant to a state contract, the Maryland Little Miller Act has no bearing on the analysis here. What is at issue is whether the subject of Plaintiff's construction work is "property subject to § 9–102." Md.Code Ann., Real Prop. § 9–204(a).

The three general categories of property that § 9–102 designates as subject to mechanics' liens are: (1) buildings, (2) waterlines, sewers, drains and streets in development, and (3) machines, wharves, and bridges. Md.Code Ann., Real Prop. § 9–102(a)–(c). The Maryland General Assembly was specific in describing what it considers to be covered under "buildings" in § 9–102(a): a building that is erected, repaired, rebuilt, or improved to the extent of 25 percent of its value, contracted for work done for or about the building and materials furnished for or about the building, including the drilling and installation of water supply wells, the construction or installation of swimming pools or fencing, the sodding, seeding, or planting of shrubs, trees, plants, flowers or nursery products in or about the premises, and the grading, filling, landscaping, and paving of the premises. While the Maryland Code does not provide a definition for "building," the Court of Appeals has interpreted the word restrictively to mean "an erection intended for use and occupancy as a habitation or for some purpose of trade, manufacture, or ornamental use, such as a house, store or church." *Freeform Pools, Inc. v. Strawbridge Home for Boys, Inc.*, 228 Md. 297, 301, 179 A.2d 683, 685 (1962).

■ Plaintiff was hired as a subcontractor to provide directional drilling services for the installation of utility lines. Plaintiff has not alleged that the "utility development project" for which it was hired involved any "buildings" whatsoever. Utility lines are also not, by any stretch of the imagination, waterlines, sanitary sewers, storm drains, or streets that would qualify for mechanics' lien coverage under § 9–102(b). Nor are they machines, wharves, or bridges covered by § 9–102(c).

Plaintiff argues that § 9–204 requires only that the construction project in question be on a property to which the Mechanics' Lien Statute applies. However, both the text of § 9–102, its legislative history, and the case law are clear: Plaintiff's reading is incorrect. While § 9–103(a) extends a lien established on a building to the "land covered by the building and to as much other land, immediately adjacent and belonging in like manner to the owner of the building, as may be necessary for the ordinary and useful purposes of the building", Maryland courts have determined that the land subject to lien is only incidental to the covered building. *Scott & Wimbrow, Inc. v. Wisterco Investments, Inc.*, 36 Md.App. 274, 276, 373 A.2d 965, 968 (1977) ("[I]t is clear from the legislative history of the mechanics' lien law that the land is only incidentally involved.").

■ It is true that the mechanics' lien law is remedial in nature and therefore, under the decisions of the Maryland courts, to be construed in the most liberal and comprehensive manner in favor of mechanics and material men. *See Reisterstown Lumber Co. v. Reeder*, 224 Md. 499, 507, 168 A.2d 385 (1961). Nevertheless, the law is also a creature of statute and

may not be applied to cases and facts "beyond the obvious designs and plain requirements of the statute." *Freeform Pools,* 228 Md. at 301, 179 A.2d at 685, *citing Basshor v. Baltimore & O.R.R. Co.,* 65 Md. 99, 103, 3 A. 285 (1886). To find that the utility lines in this case are subject to the Mechanics' Liens Statute would be to apply the statute to facts beyond its obvious designs and plain requirements.

Plaintiff's argument that reading the Construction Trust Statute as applying only to property subject to the Mechanics' Lien Statute would defeat the remedial purpose of the Construction Trust Statute to "protect the interest of down-the-line subcontractors," *Phillips Way, Inc. v. Presidential Financial Corp. of the Chesapeake,* 137 Md.App. 209, 227, 768 A.2d 94, 104 (2001), is also fatally flawed. Plaintiff presumes that defining the applicability of the Construction Trust Statute by reference to the coverage of the Mechanics' Lien Statute somehow limits the rights of down-the-line subcontractors to those available under the mechanics' lien laws. Because the Mechanics' Lien Statute does not offer remedial rights to down-the-line subcontractors, Plaintiff argues that applying the Construction Trust Statute only to property that is also subject to the Mechanics' Lien Statute would essentially render the Construction Trust Statute pointless. The flaw in Plaintiff's logic is obvious: requiring that property subject to the Construction Trust Statute be property that is also subject to the Mechanics' Lien Statute does not require that the *rights and remedies* available under the Construction Trust State also be those available under the Mechanics' Lien Statute.

Plaintiff has failed to allege facts sufficient to establish that the utility development project, of which Plaintiff's construction work forms a part, involves property subject to § 9–102. Accordingly, Plaintiff's allegations fail to satisfy one of the basic requirements of the Construction Trust Statute and Plaintiff has failed to state a claim pursuant to that statute. Defendant Henkels' motion to dismiss is granted.

## IV. Conclusion

For the foregoing reasons, this Court will grant Defendant Henkels' motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). A separate order will be entered.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of October, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion of Defendant Henkels & McCoy, Inc., to Dismiss the complaint of Plaintiff Jaguar Technologies, Inc. d/b/a/ Jagco Directional Drilling for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) BE, and the same hereby IS, GRANTED;

2. Counts III and IV of Plaintiff's complaint, brought pursuant to the Maryland Construction Trust Statute, Md.Code Ann., Real Prop. §§ 9–201 to 9–204 (1987), against Defendant Henkels & McCoy, Inc. BE, and the same hereby ARE, DISMISSED;

3. Plaintiff show cause why the claims against the other defendants should not also be dismissed by October 25, 2002; and

4. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties.