*C&B Construction, Inc. v. Jeffrey Dashiell, et al.*, No. 76, September Term 2017.  Opinion by Hotten, J.

**CONSTRUCTION – INTERPRETATION – THE MARYLAND CONSTRUCTION TRUST STATUTE –** The Court of Appeals held that the Maryland Construction Trust Statute only applies to disputes where the underlying claims are subject to the Maryland Little Miller Act (codified in Maryland Code, State Finance and Procurement § 17-102) or the Maryland Mechanics' Lien Statute (codified in Maryland Code, Real Property § 9-102).

IN THE COURT OF APPEALS

OF MARYLAND

No. 76

September Term, 2017

_____

C&B CONSTRUCTION, INC.
v.

JEFFREY DASHIELL, ET AL.

_____

Barbera, C.J.,
Greene,
McDonald,
Watts,
Hotten,
Getty,
Rodowsky, Lawrence F.,
 (Senior Judge, Specially Assigned)

JJ.

_____

Opinion by Hotten, J.
Watts, J., joins in judgment only.

_____

Filed: July 30, 2018

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Bessie Decker, Clerk
April 20, 2018

This case concerns a breach of contract dispute before the Circuit Court for Wicomico County, stemming from the failure to pay for labor and materials provided by a construction subcontractor, C&B Construction Inc. (hereinafter "Petitioner"), to a general contractor, Temco Builders Inc. (hereinafter "Temco"), through six construction contracts. Temco failed to pay the amounts due to Petitioner for the labor and materials expended, which ultimately resulted in a consent judgment agreed to by Temco in the amount of $225,607. At all relevant periods, Temco was co-owned by Jeffrey Dashiell and Edward J. Maguire (hereinafter "Respondents"). At trial, Petitioner alleged that Respondents had either diverted or misappropriated funds received by Temco from the owners of the construction projects, and that the funds received were supposed to be held in trust pursuant to Md. Code (1974, Repl. Vol. 2015), §§ 9-201, 9-202, and 9-204 of the Real Property Article (hereinafter "Real Prop.") also known as the Maryland Construction Trust Statute discussed *infra*. The circuit court entered judgment for the Respondents.

Following the entry of the circuit court judgment on July 19, 2016, Petitioner noted a timely appeal to the Court of Special Appeals of Maryland. The Court affirmed the judgment of the circuit court. Thereafter, we granted *certiorari* to review the following questions:

> 1. Does Section 9-204(a) of the Maryland Construction Trust Statute limit its application to projects covered by the Maryland Mechanic's Lien Law and Maryland Little Miller Act even though the plain language of the statute as a whole and Section 9-204(a) specifically contain no such limitation?
>
> 2. Did the trial court err in granting judgment to Respondents despite evidence showing that funds received by the general contractor were earmarked for payment to Petitioner[?]

For the reasons discussed *infra*, we shall affirm the judgment of the Court of Special Appeals.

## BACKGROUND

Petitioner was engaged as a subcontractor by Temco to perform related construction work, including the installation of drywall and ductwork. Petitioner completed its subcontract work for the six construction projects. Temco received payment from the project owners, but failed to pay Petitioner for the work performed. Petitioner contends that instead of paying it for the work performed, Respondents either misappropriated those funds, diverted the funds to themselves individually, or paid other expenses.

On October 1, 2015, Petitioner filed a breach of contract complaint in the Circuit Court for Wicomico County against Temco, and Respondents individually, pursuant to the Maryland Construction Trust Statute. On May 3, 2016, Temco entered into a consent judgment with Petitioner for $225,607, leaving the remaining claims against Respondents outstanding. At the close of Petitioner's case, Respondents moved for judgment arguing that the Maryland Construction Trust Statute was not applicable, because the subcontracts at issue were not subject to the Maryland Little Miller Act[1] or the Maryland Mechanics'

---

[1] The Maryland Little Miller Act is codified in Md. Code (1985, Repl. Vol. 2015), § 17-101, *et seq.* of the State Finance and Procurement Article. The act operates as a mechanism to ensure payment to subcontractors in the performance of public construction contracts.

2

Lien Statute,[2] as required by the plain language of Real Prop. § 9-204. In granting

Respondents' motion, the circuit court noted:

> [I]t seems to me really looking at the Statute and Section 9-204(a) ..., it applies to contracts under the Maryland Little Miller Act, and there is no contention that any of the contracts in this case would be subject to the Maryland Little Miller Act as well as properties subject to 9-102 of this Article which is the Mechanics Lien Statute.
>
> And the only way to know whether the property is subject to 9-102 is for evidence to be provided that it is subject to 9-102, which I am just going to shorten it up and say that it's either basically new construction or every building repaired, rebuilt or improved to the extent of 15 percent of its value.
>
> And in this case, I have looked at the contracts, and there is nothing to indicate that the contracts are for any of the other exceptions. . . .
>
> There is no way for the Court to make any judgment as to whether or not that improvement is to the extent of 15 percent of the value of the project.
>
> And as I said, there is no way for the Court to infer that[,] because there is no evidence that would permit a finding, a direct finding from the evidence. And it does seem to me that a basic proposition is that one cannot proceed under the Construction Trust Statute without first establishing that the ... contract for which that construction trust is sought to be imposed is one which would be lienable.
>
> So I think sort of the basic proposition is that [Petitioner] must first establish that the property is I will say lienable under Section 9-102 as a predicate for anything under Section 9-201 [*et seq.*], and there is really no evidence in this case that would permit me to make that finding directly from the evidence or by any inference from the evidence that has been submitted.
>
> So I don't think -- the question is a closer one as to whether or not there is adequate evidence of earmarking, but I don't think I need to get to that point really, because I don't believe that the evidence as submitted is sufficient for me to, even if I looked at it in the light most favorable to the [Petitioner], which I'm not required to do, but even if I did do that, I don't think the evidence is sufficient.

---

[2] The Maryland Mechanics' Lien Statute is codified in Md. Code (1974, Repl. Vol. 2015), § 9-102, *et seq.* of the Real Property Article. The statute operates to ensure payment to subcontractors in the performance of private construction contracts.

So I'm going to grant the motion for judgment on behalf of [Respondents]. Following the circuit court's denial of Petitioner's motion for new trial, a timely appeal was noted to the Court of Special Appeals.

The Court of Special Appeals issued its reported opinion on November 1, 2017. *See C & B Constr., Inc. v. Dashiell*, 234 Md. App. 424, 430–31, 172 A.3d 960, 964 (2017), *cert. granted*, 457 Md. 137, 177 A.3d 72 (2018). In affirming the circuit court, the Court interpreted Real Prop. § 9-204 narrowly, focusing on four primary determinations. First, the Court reasoned that the plain language of Real Prop. § 9-204 explicitly states that its intended purpose was to limit its application to contracts subject to the Maryland Little Miller Act or the mechanics' lien statute. Second, the Court determined that the context surrounding the enactment of the statute, including its reliance on definitions established under the mechanics' lien statute, suggested that the General Assembly intended a connected and limited application of the statute. Third, the Court determined that the consequences of adopting Petitioner's proposed application "would impose unprecedented liability upon officers and directors of contractor corporations." *Id*. at 437, 172 A.3d at 968. Finally, the Court noted that the previous interpretations of the Maryland Construction Trust Statute in *Walter v. Atl. Builders Group, Inc*., 180 Md. App. 347, 351 n. 3, 951 A.2d 94 (2008), *U.S. for the use of DMI, Inc. v. Darwin Const. Co*., 750 F. Supp. 536, 541 (D.D.C. 1990), and *Jaguar Techs., Inc. v. Cable-LA, Inc*., 229 F. Supp. 2d 453 (D. Md. 2002) unanimously interpret the Maryland Construction Trust Statute as requiring a demonstration that the Maryland Little Miller Act or mechanics' lien statute apply to the contracts in dispute.

4

"We review, without deference, the trial court's grant of a motion for judgment in a civil case." *D.C. v. Singleton*, 425 Md. 398, 406, 41 A.3d 717, 721 (2012) (quoting *Thomas v. Panco Mgmt. of Md.*, *LLC*, 423 Md. 387, 393-94, 31 A.3d 583, 587-88 (2011)). In doing so "[w]e conduct the same analysis that a trial court should make when considering the motion for judgment." *Id.* at 406-07, 131 A.3d 721-22. This review requires this Court to evaluate "all evidence and reasonable evidentiary inferences, viewed in a light most favorable to [the non-moving party]." *Thomas*, 423 Md. at 394, 31 A.3d at 588. In the case at bar, we are asked to interpret the Maryland Construction Trust Statute. We have stated "where an order involves an interpretation and application of Maryland constitutional, statutory or case law, our Court must determine whether the trial court's conclusions are 'legally correct' under a *de novo* standard of review." *Schisler v. State*, 394 Md. 519, 535, 907 A.2d 175, 184 (2006). Accordingly, we will evaluate the applicability of the Maryland Construction Trust Statute and the grant of Respondents' motion for judgment by applying a *de novo* standard of review.

**DISCUSSION**

In *Washington Suburban Sanitary Commission v. Phillips*, 413 Md. 606, 994 A.2d 411 (2010), we outlined the sound principles of statutory interpretation:

> The cardinal rule of statutory interpretation is to ascertain and effectuate the real and actual intent of the Legislature. A court's primary goal in interpreting statutory language is to discern the legislative purpose, the ends

5

to be accomplished, or the evils to be remedied by the statutory provision under scrutiny.

To ascertain the intent of the General Assembly, we begin with the normal, plain meaning of the language of the statute. If the language of the statute is unambiguous and clearly consistent with the statute's apparent purpose, our inquiry as to legislative intent ends ordinarily and we apply the statute as written, without resort to other rules of construction. We neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute, and we do not construe a statute with "forced or subtle interpretations" that limit or extend its application.

We, however, do not read statutory language in a vacuum, nor do we confine strictly our interpretation of a statute's plain language to the isolated section alone. Rather, the plain language must be viewed within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the Legislature in enacting the statute. We presume that the Legislature intends its enactments to operate together as a consistent and harmonious body of law, and, thus, we seek to reconcile and harmonize the parts of a statute, to the extent possible[,] consistent with the statute's object and scope.

Where the words of a statute are ambiguous and subject to more than one reasonable interpretation, or where the words are clear and unambiguous when viewed in isolation, but become ambiguous when read as part of a larger statutory scheme, a court must resolve the ambiguity by searching for legislative intent in other indicia, including the history of the legislation or other relevant sources intrinsic and extrinsic to the legislative process. In resolving ambiguities, a court considers the structure of the statute, how it relates to other laws, its general purpose, and the relative rationality and legal effect of various competing constructions.

In every case, the statute must be given a reasonable interpretation, not one that is absurd, illogical, or incompatible with common sense.

*Id.* at 618-20, 994 A.2d at 419 (quoting *Lockshin v. Semsker*, 412 Md. 257, 274-75, 987

A.2d 18, 28-29 (2010)).

6

*The Applicability of the Maryland Construction Trust Statute*

In *Ferguson Trenching Co., Inc. v. Kiehne*, 329 Md. 169, 618 A.2d 735 (1993), we indicated that the purpose of the Construction Trust Statute was to "protect subcontractors from dishonest practices by general contractors and other subcontractors for whom they might work." *Id*. at 174-75, 618 A.2d at 737. In keeping with the purpose "to ensure that funds disbursed by an owner or contractor for payment to a subcontractor for work done are actually paid to the subcontractor," the statute imposed personal liability on the directors, officers, and managing agents of a contractor corporation when they improperly use the funds held in trust, for purposes beyond the payment of subcontractors. *C & B Constr., Inc.*, 234 Md. App. at 431, 172 A.3d at 964; *see also* S.B. 374, 1987 General Assembly of Maryland, *Summary of Committee Report*, 2.

The establishment of a trust relationship is reflected in the following language from Real Prop. § 9-201(b):

> (1) Any money paid under a contract by an owner to a contractor, or by the owner or contractor to a subcontractor for work done or materials furnished, or both, for or about a building by any subcontractor, shall be held in trust by the contractor or subcontractor, as trustee, for those subcontractors who did work or furnished materials, or both, for or about the building, for purposes of paying those subcontractors.
>
> (2) An officer, director, or managing agent of a contractor or subcontractor who has direction over or control of money held in trust by a contractor or subcontractor under paragraph (1) of this subsection is a trustee for the purpose of paying the money to the subcontractors who are entitled to it.

The imposition of personal liability for the misappropriation of funds held in trust is reflected in Real Prop. § 9-202:

7

Any officer, director, or managing agent of any contractor or subcontractor, who knowingly retains or uses the money held in trust under § 9-201 of this subtitle, or any part thereof, for any purpose other than to pay those subcontractors for whom the money is held in trust, shall be personally liable to any person damaged by the action.

Most significant to the case at bar is Real Prop. § 9-204(a), which defines the applicability of the subtitle and states:

This subtitle applies to contracts subject to Title 17, Subtitle 1 of the State Finance and Procurement Article, known as the "Maryland Little Miller Act", as well as property subject to § 9-102 of this title.

Contained in the plain language of Real Prop. § 9-204(a) is a cross reference to the Maryland Little Miller Act, Md. Code (1985, 2015 Repl. Vol.), §17-101 *et seq.* of the State Finance and Procurement Article, and Real Prop. § 9-102 of the Maryland Mechanics' Lien Statute. This cross reference suggests that the statutes are interconnected and is discussed in detail *infra*.

Petitioner argues that it is not required to demonstrate that the contracts at issue are applicable to the Maryland Little Miller Act or the Maryland Mechanics' Lien Statute, because Real Prop. § 9-204(b) does not limit the applicability of the Maryland Construction Trust Statute generally. Instead, Petitioner asserts that Real Prop. § 9-204 simply ensures that subcontractors have the ability to pursue personal liability against parties such as the Respondents, because subcontractors would be left without recourse if they are not paid. We disagree and determine that the plain language of Real Prop. § 9-204 describes the proper application of the Maryland Construction Trust Statute.

An interpretation of a statute begins with the examination of its text. *See Blue v. Prince George's Cty.*, 434 Md. 681, 689, 76 A.3d 1129, 1133 (2013). Real Prop. § 9-

8

204(a) contains a straightforward requirement, which provides that "[t]his subtitle applies to contracts subject to Title 17, Subtitle 1 of the State Finance and Procurement Article, known as the 'Maryland Little Miller Act', as well as property subject to § 9-102 of this title." The subtitle goes on to describe what it does not apply to and states unequivocally that it is not applicable to projects for the construction of single or family residential properties or home improvement contracts covered under the Maryland Home Improvement Law.[3] This language requires exclusivity and indicates both what the Maryland Construction Trust Statute covers and what is excluded. By listing both, the General Assembly limited the statute's application.

The context of Real Prop. § 9-204 provides a greater understanding of the legislative intent surrounding its enactment, particularly considering the provision's incorporation of the Maryland Mechanics' Lien Statute. Specifically, Real Prop. § 9-204 not only references the Maryland Mechanics' Lien Statute, it incorporates the definitions used in that statute to define relevant terms. This interdependence suggests that the drafters of the Maryland Construction Trust Statute created it with the Maryland Mechanics' Lien Statute in mind. Relative to the Maryland Mechanics' Lien Statute, the General Assembly intended to limit its application and protections. The Maryland Mechanics' Lien Statute, codified in Real Prop. § 9-101 *et seq.*, provides that it applies to:

> Every building erected and every building repaired, rebuilt, or improved to
> the extent of 15 percent of its value is subject to establishment of a lien in
> accordance with this subtitle for the payment of all debts, without regard to
> the amount, contracted for work done for or about the building and for

---

[3] The Maryland Home Improvement Law is codified in Md Code (1992, Repl. Vol. 2015), § 8-101 *et seq.* of the Business Regulation Article.

9

materials furnished for or about the building, including the drilling and installation of wells to supply water, the construction or installation of any swimming pool or fencing, the sodding, seeding or planting in or about the premises of any shrubs, trees, plants, flowers or nursery products, the grading, filling, landscaping, and paving of the premises, the provision of building or landscape architectural services, engineering services, land surveying services, or interior design services that pertain to interior construction and are provided by a certified interior designer, and the leasing of equipment, with or without an operator, for use for or about the building or premises.

Real Prop. § 9-102(a). In interpreting this statute, we have stated that "[w]hile it is true that under the mechanics' lien law, … the law is remedial and under the decisions of this Court is to be construed in the most liberal and comprehensive manner in favor of mechanics and materialmen, … Courts have no power to extend it to cases, beyond the obvious designs and plain requirements of the statute." *Freeform Pools, Inc. v. Strawbridge Home for Boys, Inc.*, 228 Md. 297, 301, 179 A.2d 683, 684–85 (1962) (internal citations omitted). We went on to limit the application of the statute, stating, "[a] mechanics' lien is a claim created by statute and is obtainable only if the requirements of the statute are complied with." *Id.*, 179 A.2d at 685. As it relates to the Maryland Construction Trust Statute, we determine that an identical interpretation is required in this instance because of the interrelatedness of the statutes as well as their common purpose. Further, pursuant to *Riley v. Abrams*, 287 Md. 348, 357, 412 A.2d 996, 1000 (1980) "[t]he common object of the mechanics' lien law and of the Little Miller Act is the protection of those who furnish labor and materials in construction."

10

*Consequences of Extending the Scope of the Maryland Construction Trust Statute*

Adopting Petitioner's proposed interpretation would impose unintended liability on the owners and/or managers of general contracting companies. We have stated, "[s]tatutes in derogation of the common law are strictly construed, and it is not to be presumed that the [L]egislature by creating statutory assaults intended to make any alteration in the common law other than what has been specified and plainly pronounced." *Walzer v. Osborne*, 395 Md. 563, 573–74, 911 A.2d 427, 433 (2006) (quoting *Gleaton v. State*, 235 Md. 271, 277, 201 A.2d 353, 356 (1964)). The *Ferguson* Court addressed this scenario and stated, "[t]he personal liability provisions of the statute must be viewed in the context of basic corporate law." *Ferguson*, 329 Md. at 175, 618 A.2d at 738. In *Ferguson*, the Court interpreted the limits of the Maryland Construction Trust Statute for the first time. In doing so, the Court evaluated the imposition of personal liability and provided an apt articulation of the implications of extending personal liability. The Court explained, "when an official or agent signs a contract for his corporation it is simply a corporate act. It is not the personal act of the individual, and he is not personally liable for the corporate contract unless the matter is tainted by fraud…." *Id*. This pronouncement further supports our interpretation of the Maryland Construction Trust Statute, because it limits the imposition of an extreme remedy to instances where there has been strict statutory compliance.

*Previous Interpretations of the Maryland Construction Trust Statute*

Other interpretations of the Maryland Construction Trust Statute support our current interpretation. While the purpose and plain language of the Maryland Construction Trust

Statute is sufficient to resolve the instant dispute, it is prudent to review the previous interpretations of the statute to ascertain whether the statute has been previously interpreted in a manner consistent with our holding today. The Court of Special Appeals considered the boundaries of the Maryland Construction Trust Statute in a limited capacity in *Walter v. Atl. Builders Grp., Inc*., 180 Md. App. 347, 951 A.2d 94 (2008). In *Walter*, the Court reviewed a breach of contract action filed by general contractor Atlantic Builders Group Inc. against one of its subcontractors United Aluminum Window Sales & Consulting, Inc. and its managing agent Keith A. Walter, relating to the construction of a public library in Harford County. *Id*. at 350, 951 A.2d at 95. At issue was the non-payment of funds issued to United Aluminum for disbursement to two material providers, Alply and X-Clad. *Id*. In summarizing the action, the Court of Special Appeals noted that "[t]he contract for construction of the library was subject to the 'Maryland Little Miller Act,'… and thus, the Maryland Construction Trust Statute was applicable." *Id*. at 351 n. 3, 951 A.2d at 96. The phrasing "and thus" indicates that the Court of Special Appeals recognized the purpose contained in the statute, which requires that the proponent initially demonstrate, that the contract at issue be subject to the Maryland Little Miller Act before pursuing a claim under the Maryland Construction Trust Statute. Given that Real Prop. § 9-204 "applies to contracts subject to Title 17, Subtitle 1 of the State Finance and Procurement Article, known as the 'Maryland Little Miller Act,'" the holding in *Walter* reaffirms the presence of a prerequisite embedded within the plain language of the statute.

12

The United States District Court for the District of Maryland reached an identical conclusion while addressing the Maryland Construction Trust Statute in *U.S. for Use & Benefit of Allied Bldg. Prod. Corp. v. Fed. Ins. Co.*, 729 F. Supp. 477 (D. Md. 1990). There the Court determined that:

> The Maryland Construction Trust Statute, Md. Real Prop. Code Ann. §§ 9-201 to -204 (1988 & Supp.1989), applies only to state-financed buildings and to those subject to the Maryland mechanics' lien statute. Of course, federal construction projects such as this are not subject to the Maryland mechanics' lien statute, which is why the Miller Act was enacted in the first place.

*Id*. at 478. (internal citations omitted). Following this decision, the United States District Court for the District of Columbia affirmed the *Allied* reading of the Maryland Construction Trust Statute. Quoting *Allied*, the Court in *U.S. for Use & Benefit of DMI, Inc. v. Darwin Constr. Co.*, concluded that the Plaintiff's fraud claim could not survive summary judgment because it was based on Real Prop. §§ 9-201, 9-202, and 9-203 which did not cover federal construction projects. 750 F. Supp. 536 (D.D.C. 1990). Several additional courts have interpreted the Maryland Construction Trust Statute in similar ways. *See In re Heilman*, 241 B.R. 137, 152 (Bankr. D. Md. 1999); *In re McGee*, 258 B.R. 139, 143 (Bankr. D. Md. 2001). In both instances, the respective Courts determined that the Maryland Construction Trust Statute must only be applied where the enumerated requirements are met. There must be a demonstration that the contract at issue is subject to the Maryland Little Miller Act or the Maryland Mechanics' Lien Statute.

The most applicable evaluation of the Maryland Construction Trust Statute occurred in *Jaguar Techs., Inc. v. Cable-LA, Inc*., 229 F. Supp. 2d 453 (D. Md. 2002). The United

States District Court for the District of Maryland again considered the application of the Maryland Construction Trust Statute. In evaluating the defendant's Motion to Dismiss for failure to state a claim for relief, the Court provided valuable insight for the case at bar. The *Jaguar* Court again confined the application of the Maryland Construction Trust Statute and required a demonstration that the Maryland Little Miller Act or Maryland Mechanics' Lien Statute applied to the disputed contract. *Id*. at 457. Additionally, like the argument advanced by Petitioner in this case, the plaintiff in *Jaguar* asserted that a narrow reading of the construction statute "would essentially render the Construction Trust Statute pointless." *Id*. Petitioner in this case made a similar argument stating that a narrow reading of the Maryland Construction Trust Statute, "ignore[s] subcontractors and material suppliers on the very construction projects where those parties would benefit the most from the protection afforded by the statute, and at the same time provide protection for subcontractors and material suppliers who have the least need for such protection[.]" The *Jaguar* Court addressed this argument by stating:

> The flaw in Plaintiff's logic is obvious: requiring that property subject to the Construction Trust Statute be property that is also subject to the Mechanics' Lien Statute does not require that the *rights and remedies* available under the Construction Trust State also be those available under the Mechanics' Lien Statute.

*Id*. (Emphasis in original). The Court's pronouncement recognized that there can be multiple remedies for the same class of persons and that the creation of a second set of remedies does not render a statute meaningless simply because it is designed to apply to a group that is covered by another statute. The Court was unpersuaded that the Maryland

14

Construction Trust Statute must be read broadly simply because the General Assembly created a separate remedy for subcontractors already covered under the Maryland Mechanics' Lien Statute.

The *Jaguar* Court provided an apt summation of the operation of the statute that comports with this Court's interpretation:

> The [Maryland Construction Trust] statute was enacted in 1987 to "protect subcontractors from dishonest practices by general contractors and other subcontractors for whom they might work.'" It does so by creating a trust, of money paid by an owner to a contractor (or by an owner or contractor to a subcontractor), held by the contractor (or subcontractor) as trustee for the benefit of the subcontractor(s) who perform the work or furnish the materials for the construction of a building.
>
> * * *
>
> Section 9-202 then renders the trustee contractor or subcontractor personally liable for retaining or using the trust fund 'for any purpose other than to pay those subcontractors for whom the moneys are held in trust.' Application of the Construction Trust Statute is limited to property subject to § 9-102 (the Maryland Mechanics' Lien Statute) and to contracts subject to Title 17, Subtitle 1 of the State Finance and Procurement Article (also known as the Maryland Little Miller Act).

*Id*. at 455-56 (internal citations omitted).

It seems clear that the plain language of Real Prop. § 9-204 establishes a limited application of the Maryland Construction Trust Statute, indicating that it only applies where the contract in dispute is subject to the Maryland Little Miller Act or the Maryland Mechanics' Lien Statute. The statute operates through three harmonious provisions: Real Prop. § 9-201, which creates the statutory duty to hold funds in a trust upon receipt; Real Prop. § 9-202, which establishes the penalty for a violation of this duty and permits

15

personal liability for corporate debts; and Real Prop. § 9-204, which governs the applicability of the previous sections. Together the three sections provide a remedy to those who have been aggrieved by the non-performance of a contract subject to the Little Miller Act or Mechanics' Lien Statute. In such cases, a party is permitted to seek personal liability against a manager, owner, or director exercising direction or control over the funds held in trust, upon a showing of misappropriation. This reading is consistent with our previous articulation of the purpose of the Maryland Construction Trust Statute, which provides that the statute is designed to "protect subcontractors from dishonest practices by general contractors and other subcontractors for whom they might work." *Ferguson*, 329 Md. at 174-75, 618 A.2d at 737. Therefore, to adopt the interpretation proposed by Petitioner would be inconsistent with the purpose and plain meaning of the statute.

Having established that the Maryland Construction Trust Statute contains a requirement that the underlying contracts be subject to either the Maryland Little Miller Act or Maryland Mechanics' Lien Statute, we must now determine whether such a requirement has been satisfied. In examining the Maryland Little Miller Act, State Finance and Procurement Article, § 17-102(b) provides that "[t]his subtitle applies only to security for a construction contract." We have clarified this subtitle stating that the Maryland Little Miller Act is applicable where work or materials have been supplied in public construction projects. *See Montgomery County Bd. of Ed. To Use of Carrier Corp. v. Glassman Const. Co.*, 245 Md. 192, 201, 225 A.2d 448, 453 (1967). Moreover, the purpose of this statute is to "protect subcontractors and materialmen on State or other public projects where they

16

have no lien on the work done." *Id*. To seek relief under this statute a claimant must demonstrate that the requirements of State Finance and Procurement Article § 17-108 have been satisfied. The provision states that a supplier may bring suit if: (1) the supplier provided labor or materials for a contract subject to this subtitle; and (2) have not received payment within 90 days. *See* State Finance and Procurement Article § 17-108. In the case at bar there have been no submissions, which indicate that the underlying contracts were public in nature. Moreover, Petitioner has not demonstrated that the requirements of State Finance and Procurement Article § 17-108 have been satisfied. Therefore, we find that the underlying contracts are not subject to the Maryland Little Miller Act.

Similarly, Petitioner has not demonstrated that the contracts at issue are subject to the Maryland Mechanics' Lien Statute. As stated, the Maryland Mechanics' Lien Statute only applies to contracts that satisfy all the statutory requirements of Real. Prop. § 9-101 *et seq*. The statute requires specifically that the building be "improved to the extent of 15 percent of its value…." Real Prop. § 9-102. Further, the subtitle requires that a petition be filed to establish the lien outlining the nature of the work done including the materials furnished, a description of the land, as well various other facts. *See* Real Prop. § 9-105(a). Taken together the establishment of a mechanics' lien can only occur where the work or materials provided increase the value of the land and where a valid petition has been filed. Turning to the contracts at issue, Petitioner has not demonstrated that the basic requirement of the Maryland Mechanics' Lien Statute has been met, *i.e.* that the contracts improved the respective buildings by 15 percent of their original value. In this regard, the trial court after

17

detailed review of the evidence determined that no evidence supported a finding that the buildings were improved by 15 percent of their original value. We agree. Petitioner has not demonstrated that the Maryland Mechanics' Lien Statute applies. Because the Maryland Mechanics' Lien Statute and Maryland Little Miller Act are not applicable to the disputed contracts, the Petitioner cannot invoke a claim under the Maryland Construction Trust Statute.

## CONCLUSION

Where there has been an invocation of the Maryland Construction Trust Statute, there must be a showing that the statute applies to the contracts in dispute. Real Prop. § 9-204(a) contains a requirement that the contracts be subject to the Maryland Little Miller Act or the Maryland Mechanics' Lien Statute. Here, Petitioner has failed to demonstrate that the protections afforded by the Maryland Construction Trust Statute are applicable. Accordingly, we do not reach Petitioner's second question.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS IS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**

Judge Watts joins in the judgment only.

18